UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | Miscellaneous No. 02-0480 (PLF/AK) |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:00 CV 1262 |
| DUKE ENERGY CORPORATION, | ) | United States District Court for |
| Defendant. | ) | the Middle District of North Carolina |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. C2-99-1181 |
| OHIO EDISON COMPANY, *et al.*, | ) | United States District Court for |
| Defendants. | ) | the Southern District of Ohio |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. IP99-1692-C-M/F |
| SOUTHERN INDIANA GAS AND | ) | United States District Court for |
| ELECTRIC COMPANY, | ) | the Southern District of Indiana |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | Miscellaneous No. 04-0065 (PLF/AK) |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. IP99-1693 C-M/S 1:00 CV |
| CINERGY CORPORATION, PSI | ) | United States District Court for |
| ENERGY, INCORPORATED, | ) | the Southern District of Indiana |
| CINCINNATI GAS & ELECTRICAL | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| Plaintiffs, | ) | |
| and | ) | |
| STATE OF NEW YORK, *et al.*, | ) | |
| Plaintiff-Intervenors, | ) | |
| v. | ) | Civil Action No. C2-99-1182; C2-99-1250 |
| AMERICAN ELECTRICAL POWER | ) | United States District Court for |
| SERVICE CORPORATION, *et al.*, | ) | the Southern District of Ohio |
| Defendants. | ) | |
| | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court in these consolidated cases for consideration of Magistrate Judge Alan Kay's Report and Recommendation of June 9, 2003, his Supplemental Report and Recommendation of October 22, 2003, and his Second Supplemental Report and Recommendation of November 23, 2004.  All relate to subpoenas directed towards the Utility Air Regulatory Group ("UARG"), a non-party in the underlying cases.  Magistrate Judge Kay made his recommendations after consideration of the motions to compel compliance with subpoenas filed by the United States and non-party UARG's motions to quash subpoenas.  In his initial Report and Recommendation, Magistrate Judge Kay set out a proposed procedure for review of the assertedly privileged documents, a procedure (subsequently clarified) with which UARG now apparently has no disagreement.  In his Supplemental Report and Recommendation, Magistrate Judge Kay clarified his earlier decision and ruled on the First Amendment claims of UARG.  In his Second Supplemental Report and Recommendation, Magistrate Judge Kay recommended that the same rulings and procedure that he recommended for the Duke Energy subpoenas apply also to the Cinergy subpoenas.  UARG has filed objections to the first two of Magistrate Judge Kay's Reports and Recommendations, and the matter has been fully briefed.[1]

Under 28 U.S.C. § 636(b)(1), Rule 72(a) of the Federal Rules of Civil Procedure and Local Civil Rule 72.3(b), an aggrieved party may file objections to or seek reconsideration of a magistrate judge's ruling or report and recommendation regarding non-dispositive matters within ten days of the issuance thereof.  Upon consideration of such objections, the district court

---

[1]     With respect to the Second Supplemental Report and Recommendation, the parties agree that all subpoenas raise similar question of law and fact and thus encompass the same issues and should be resolved under the same procedures.

may modify or set aside any portion of the magistrate judge's order or recommendation if it is

"clearly erroneous or contrary to law."  Rule 72(a), Fed. R. Civ. P.; see also LCvR 72.2(c); In re

United Mine Workers of America Employee Benefit Plans Litigation, 159 F.R.D. 307, 308

(D.D.C. 1994); FSLIC v. Commonwealth Land Title Insurance Co., 130 F.R.D. 507, 508 (D.D.C.

1990).  Having carefully reviewed Magistrate Judge Kay's three Reports and Recommendations

and the objections of UARG, along with its legal arguments and the responsive arguments of the

government, the Court both approves the procedures recommended by the magistrate judge and

concludes that Magistrate Judge Kay's determinations with respect to the applicability of asserted

First Amendment protections are neither clearly erroneous nor contrary to law.

      The Court will not here restate the status of the underlying cases and the nature of

the subpoenas served on UARG, relying instead on the statement of facts and procedural posture

set forth in the Reports and Recommendations of Magistrate Judge Kay after he conducted two

evidentiary hearings on the government's motion to compel and UARG's motion to quash.  The

Court adopts the procedure recommended by the magistrate judge for review of the assertedly

privileged documents in his June 9, 2003 Report and Recommendation as clarified in his October

22, 2003 Supplemental Report and Recommendation.[2]

      With respect to UARG's First Amendment claims, the Court does not find clearly

erroneous or contrary to law, and in fact fully agrees with, Magistrate Judge Kay's conclusion

that UARG's First Amendment arguments are insubstantial.  UARG seeks to expand the cases on

which it relies, NAACP v. Alabama, 357 U.S. 449, 462-63 (1958), and FEC v. Machinists Non-

---

[2]    As noted, the parties now are in agreement with respect to Magistrate Judge Kay's
procedural recommendations for review of privileged documents.

Partisan Political League, 655 F.2d 380, 387-88 (D.C. Cir. 1981), beyond the principles announced therein and the context in which those cases arose.  In those cases, the parties seeking protection either were invoking core associational rights and/or were engaged in political expression and association concerning elections and politics, the "very heart of the organism which the First Amendment was intended to nurture and protect."  FEC v. Machinists Non-Partisan Political League, 655 F. 2d at 387-88.  Here, by contrast, UARG offers material advice to private utilities, not individuals or organizations engaged in political expression and association.  As Magistrate Judge Kay said in his Supplemental Report and Recommendation: "Similar concerns [as those raised in the cases cited] are not raised by enforcement of the civil subpoenas in this case, which seek business information that is relevant to specific alleged violations in ongoing litigation and is shared with members [and sometimes non-members] of UARG. . . .  In sum, UARG makes no showing that enforcement of the subpoenas will chill associational activities by discouraging membership."  Supplemental Report and Recommendation at 12; see also FEC v. GOPAC, Inc., 897 F. Supp. 615, 617-19 (D.D.C. 1995).

UARG also invokes Judge Urbina's decision in Wyoming v. United States Department of Agriculture, 208 F.R.D. 449 (D.D.C. 2002), and argues that Magistrate Judge Kay has misapplied that controlling precedent.  First, of course, while Judge Urbina's decision arguably may be controlling on Magistrate Judge Kay, it is not controlling on the undersigned.  More importantly, a careful reading of the Wyoming decision and of Magistrate Judge Kay's Supplemental Report and Recommendation makes clear that Magistrate Judge Kay in fact applied the very analysis announced by Judge Urbina; it is simply that UARG disagrees with the manner in which he applied it.  Having reviewed the filings in this case, as well as the decisions

4

of Judge Sargus and Chief Judge McKinney with respect to the centrality of the fair notice

defense in two of the underlying cases, see United States v. Ohio Edison Co., 276 F. Supp. 2d

829 (S.D. Ohio 2003); United States v. Southern Indiana Gas and Electric Co., 245 F. Supp. 2d

994 (S.D. Ind. 2003), the Court agrees with Magistrate Judge Kay that the first Wyoming factor

-- whether the information sought goes to the "heart of the lawsuit" -- has been more than

satisfied.  See Supplemental Report and Recommendation at 13-15.  In the underlying cases,

defendants' fair notice defense turns on their assertion that the EPA's New Source Review

Regulations were unknown or unknowable.  The government seeks disclosure of the

communications at issue that demonstrate that the defendants, some of whom are members of the

UARG, were aware of the EPA's interpretation of certain regulations and how those regulations

applied to modifications of their plans.  Accordingly, there is no question that the documents are

relevant.

   The second and third Wyoming factors also have been met.  Based on the record

developed by Magistrate Judge Kay, the Court does not find clearly erroneous the findings of the

magistrate judge that the government has pursued discovery from the individual defendants

through the courts in which these matters are pending and that the UARG is in fact the best

source of the information sought.  See Supplemental Report and Recommendation at 16.  In sum,

"UARG has not conclusively demonstrated that enforcement of the Government's subpoenas will

have a chilling effect on its First Amendment right to freedom of association and right to petition

the government;" the three Wyoming factors "weigh in favor of the Government in this case."

Id.

For the foregoing reasons, the Court adopts the reasoning of Magistrate Judge Kay's June 9, 2003 Report and Recommendation, as clarified and supplemented by his October 22, 2003 Supplemental Report and Recommendation, and rejects UARG's First Amendment objections to compliance with the subpoenas.  The Court treats the two subpoenas in the Cinergy case in the same manner as the subpoenas that remain pending in the Duke Energy case, as recommended by Magistrate Judge Kay in his Second Supplemental Report and Recommendation, and directs that the two miscellaneous matters be resolved under the same procedures set forth by Magistrate Judge Kay in his June 9, 2003 Report and Recommendation and his October 23, 2003 Supplemental Report and Recommendation.  Accordingly, it is hereby

ORDERED that the Reports and Recommendations of Magistrate Judge Alan Kay are ADOPTED and APPROVED: it is

FURTHER ORDERED that UARG's objections to the subpoenas based on First Amendment grounds are DENIED; it is

FURTHER ORDERED that UARG's motions to quash subpoenas [Docket #6 in No. 02-0480; Docket #3 in No. 04-0065] are DENIED; it is

FURTHER ORDERED that the United States' motions to compel compliance with subpoenas [Docket #1 in No. 02-0480; Docket #1 in No. 04-0065] are DEFERRED pending a report to Magistrate Judge Kay by the Special Master; it is

FURTHER ORDERED that this matter is remanded to Magistrate Judge Kay for the appointment of a Special Master under the procedures and pursuant to the rulings and

guidelines set forth in his June 9, 2003 Report and Recommendation, as clarified and

supplemented by his Supplemental Report and Recommendation of October 22, 2003; and

it is

       FURTHER ORDERED that all other pending motions are DENIED as moot.

       SO ORDERED.


_____
PAUL L. FRIEDMAN
United States District Court Judge

DATE: